# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
BRYAN QUINONES and                    *
DONNA QUINONES,                       *
as parents and legal representatives  *      No. 11-154V
of their minor daughter, Y.Q.,        *      Special Master Christian J. Moran
                                      *
              Petitioners,            *
                                      *
v.                                    *      Filed: July 16, 2019
                                      *
SECRETARY OF HEALTH                   *      Attorneys' fees and costs, interim
AND HUMAN SERVICES,                   *      award
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

<u>Ramon Rodriguez, III</u>, Sands Anderson PC, Richmond, VA, for Petitioners;
<u>Christine M. Becer</u>, United States Dep't of Justice, Washington, D.C., for
Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

On March 11, 2011, Bryan and Donna Quinones ("Petitioners") filed a
petition on behalf of their minor child, Y.Q., under the National Childhood
Vaccine Injury Act, 42 U.S.C. § 300aa–10 through 34 (2012). Petitioners claim
that Y.Q. suffered from a seizure disorder, sensory integration disorder, and
behavioral changes after receiving a mumps, measles, and rubella ("MMR")
vaccine on March 28, 2008. Pet., filed Mar. 11, 2011, at 1, 7. Petitioners' counsel
of record is Dr. Ramon Rodriguez, III.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. This posting will make the decision available to anyone with the internet. Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical
information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions
ordered by the special master will appear in the document posted on the website.

On June 24, 2011, the Secretary argued that compensation was not appropriate because the record was devoid of a reliable theory that the injuries were caused by the MMR vaccine and, without medical evidence, the notations of certain physicians were "unreliable" and "amount[ed] to unsupported speculation." Resp't's Rep. at 17–20.  The Secretary also argued that Petitioners had not submitted an expert report to support their claim.  Id.

To develop their case, Petitioners filed reports from one expert, Dr. Yuval Shafrir.  In rebuttal, the Secretary filed reports from one expert, Dr. Gregor L. Holmes.

An entitlement hearing was held on January 27, 2017, and on November 29, 2017, where the experts testified.  Following the hearing on January 27, 2017, the undersigned ordered the parties to file supplemental expert reports.  See Orders, issued May 10 and May 23, 2017.

On April 15, 2019, Petitioners moved for an award of attorneys' fees and costs on an interim basis, requesting in $185,761.50 in fees and $18,219.70 in costs, for a total of $203,981.20.  Pet'rs' Mot. IAFC at 10, 15.  **For the reasons that follow, Petitioners are awarded $195,981.20.**

\*     \*     \*

The requested fees include work performed and costs incurred through July 14, 2017, when Petitioners' counsel of record, Dr. Rodriguez, was employed at the Rawls Law Group ("RLG").  Id. at 2.  Petitioners argue that an award of interim fees and costs is appropriate in this case for two reasons.  First, Petitioners argue that their claim satisfies the good faith and reasonable basis criteria.  Id. at 3–4.  Second, they argue that the proceedings have been ongoing since 2011 and "[b]ecause RLG employees are no longer involved in this case[,] RLG is experiencing financial hardship and delay for work" performed by Dr. Rodriguez while he was employed at RLG.  Id. at 6–8.

The Secretary filed his response to Petitioners' motion on April 29, 2019.  Resp't's Resp., ECF No. 189.  The Secretary did not provide any objection to Petitioners' request.  Id. at 2.  Instead, he stated that he "defers to the special master to determine whether or not Petitioner[s] ha[ve] met the legal standard for an interim fees and costs award."  Id. at 2.  The Secretary noted, however, that he

"is satisfied the statutory and other legal requirements for an award of attorneys' fees and costs are met" in the instant case.  Id.

This matter is now ripe for adjudication.

\*     \*     \*

Petitioners' motion implicitly raises a series of sequential questions, each of which requires an affirmative answer to the previous question.  First, whether Petitioners are eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, Petitioners should be awarded their attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## 1.  Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Since Petitioners have not received compensation from the Program, they may be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim."  42 U.S.C. § 300aa-15(e)(1).  As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs.  Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard.  Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at \*3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).  A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred.  Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at \* 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  The Secretary has not challenged Petitioners' good faith here, and there is little doubt that Petitioners brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence.  Simmons, 875 F.3d at 636.  Because evidence is "objective," the Federal Circuit's description is consistent with viewing the

reasonable basis standard as creating a test that petitioners meet by submitting evidence.  See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, the reports from the expert Petitioners have retained, Dr. Shafrir, satisfy the reasonable basis standard.  Over the course of five years, Dr. Shafrir wrote a total of seven expert reports.  See Pet'rs' Exhibits 21, 40, 44, 64, 90, 98, and 123.  In his reports, Dr. Shafrir proposed a causation theory linking the MMR vaccine with Y.Q.'s injuries and responded to the Secretary's expert's, Dr. Holmes, criticisms, as well as questions posed by the undersigned.  See id.  In addition, Dr. Shafrir gave extensive testimony on both hearing dates.  See Tr. 122:9–318:24, 329:2–366:16, 503:10–531:17.

## 2.  Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

The Federal Circuit has not attempted to specifically define what constitutes "undue hardship" or a "protracted proceeding."  In the undersigned's practice, interim fees may be appropriate when the amount of attorneys' fees exceeds $30,000 and the case has been pending for more than 18 months.  Petitioners clear both hurdles.

## 3.  Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for

its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.      Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), motion for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, and 2019 can be accessed online.[2]

Petitioners have requested the RLG attorneys and paralegals be awarded forum rates consistent with the rates awarded previously by the Court and the analysis and findings in McCulloch.  Pet'rs' Mot. IAFC at 10.  The Secretary does not dispute that Petitioners' counsel is entitled to forum rates.

---

[2] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/ default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.  The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.  The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/ sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.  The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys %27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.  The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Petitioners request that the RLG attorneys and paralegals be compensated at the following hourly rates:

Attorneys
David L. Terzian
    2010 – $340
    2011 – $350

Ramon Rodriguez, III
    2010 – $300
    2011 – $311
    2012 – $323
    2013 – $335
    2014 – $348
    2015 – $361
    2016 – $375
    2017 – $383

Elizabeth Muldowney
    2017 – $353

Paralegals
Rebecca Westfall
    2010 – $113
    2011 – $117

Elizabeth Pretzinger
    2011 – $117
    2012 – $121
    2013 – $126

Beth Coleman
    2014 – $131
    2015 – $135
    2016 – $140

Kelley Webb
    2014 – $131

Lisa Robertson
  2014 – $131
  2015 – $135
  2016 – $140

Kristy M. Smith
  2015 – $135
  2016 – $140
  2017 – $145

Emily McGrul
  2016 – $140

The Court has previously held that Dr. Rodriguez, Mr. Terzian, and Ms. Muldowney, as well as the RLG paralegals, are entitled to both forum rates in general and the rates requested by Petitioners in particular.  See, e.g., Chynoweth v. Sec'y of Health & Human Servs., No. 13-721V, 2017 WL 6892900 (Fed. Cl. Spec. Mstr. Oct. 30, 2017); Zdroik v. Sec'y of Health & Human Servs., No. 15-468V, 2017 WL 767852 (Fed. Cl. Spec. Mstr. Feb. 3, 2017); Heagney v. Sec'y of Health & Human Servs., No. 16-601V, 2019 WL 1375931 (Fed. Cl. Spec. Mstr. Mar. 7, 2019); Calfee v. Sec'y of Health & Human Servs., No. 16-680V, 2017 WL 7035581 (Fed. Cl. Spec. Mstr. July 20, 2017); Jones v. Sec'y of Health & Human Servs., No. 15-906V, 2017 WL 6816708 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); Neiman v. Sec'y of Health & Human Servs., No. 15-631V, 2017 WL 7051195 (Fed. Cl. Spec. Mstr. July 5, 2017); Miyake ex rel. Miyake v. Sec'y of Health & Human Servs., No. 06-459V, 2011 WL 310946 (Fed. Cl. Spec. Mstr. Jan. 12, 2011).  Therefore, the undersigned finds these rates to be reasonable.

B. Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Dr. Rodriguez's time entries provide ample detail to assess reasonableness. Although most tasks are appropriate for an attorney, Dr. Rodriguez has billed time for clerical work.  Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program.  Rochester v. United States, 18 Cl. Ct. 379,

387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates."). Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, and filing documents, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical/secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system."); Silver v. Sec'y of Health & Human Servs., No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Dr. Rodriguez consistently billed time for reviewing routine Court orders, namely notices of filing and scheduling orders. This is particularly egregious because an RLG paralegal also billed time for reviewing the same. Therefore, the hours Dr. Rodriguez charged for clerical work will not be compensated, resulting in a reduction of $5,000.00.

The invoices also reveal hours billed for time spent on intraoffice communications, including e-mails and intraoffice discussions. "Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)); see also Davis v. Sec'y of Health & Human Servs., No. 15-159V, 2017 WL 877277, at *6 (Fed. Cl. Spec. Mstr. Feb. 7, 2017) (finding the billing pattern for intraoffice meetings and e-mails "disturbing" and reducing the attorneys' fees by twenty percent). Therefore, the hours the RLG staff charged for intraoffice communications will not be compensated, resulting in a reduction of $3,000.00.

Accordingly, taking into account the fee reductions described above, Petitioners are awarded attorneys' fees in the amount of $177,761.50.

C.     Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Petitioners requested $18,219.70 in attorneys' costs, consisting of acquiring medical records, acquiring medical literature, ordering court transcripts, paying the court filing fee, paying experts to review the medical records, postage, and travel costs for the entitlement hearing.[3] Pet'rs' Exhibit 136, ECF No. 187-2.  All are reasonable.

\*     \*     \*

Accordingly, Petitioners are awarded:

**A lump sum of $195,981.20 in the form of a check made payable to Petitioners and Petitioners' attorney, Ramon Rodriguez, III.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Petitioners did not request any costs related to the work performed by their expert, Dr. Shafrir, except for his initial retainer to review the medical records and his travel costs for the entitlement hearing.