# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * | * |
| BRYAN QUINONES and DONNA | * |
| QUINONES, as parents and legal | * |
| representatives of their minor | *   No. 11-154V |
| daughter, Y.Q., | *   Special Master Christian J. Moran |
| | * |
| Petitioners, | * |
| | *   Filed: December 2, 2020 |
| v. | * |
| | *   Damages; decision based on proffer; |
| SECRETARY OF HEALTH | *   measles, mumps, and rubella |
| AND HUMAN SERVICES, | *   ("MMR") vaccination; seizure |
| | *   disorder; sensory integration disorder; |
| Respondent. | *   behavioral changes. |
| * * * * * * * * * * * * * * * * * * * | * |

<u>Ramon Rodriguez, III</u>, Sands Anderson PC, Richmond, VA, for Petitioners;
<u>Christine M. Becer</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## **UNPUBLISHED DECISION AWARDING DAMAGES**[1]

      On March 11, 2011, Bryan Quinones and Donna Quinones filed a petition on behalf of their minor daughter Y.Q. seeking compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 et seq., alleging that the measles, mumps, and rubella ("MMR") vaccination caused Y.Q. to suffer seizure disorder, sensory integration disorder, and behavioral changes. On September 4, 2019, the undersigned ruled that petitioners are entitled to compensation under the Vaccine Act.

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On November 30, 2020, respondent filed a Proffer on Award of Compensation, to which petitioners agree. Based upon the record as a whole, the special master finds the proffer reasonable and that petitioners are entitled to an award as stated in the Proffer. Pursuant to the attached Proffer the court awards petitioner:

1. **A lump sum payment of $658,221.20, representing trust seed funds consisting of the present year cost of compensation for residential facility expenses in Compensation Year 2081 through Compensation Year 2085 ($592,212.50) and life care expenses in the first year after judgment ($66,008.70), in the form of a check payable to Midland Trust Company, as Trustee of the Grantor Reversionary Trust established for the benefit of Y.Q., as set forth in Appendix A: Items of Compensation for Y.Q.;**

2. **A lump sum payment of $1,261,309.00, representing compensation for lost future earnings ($1,011,309.00) and pain and suffering ($250,000.00), in the form of a check payable to petitioners as guardian(s)/conservator(s) of Y.Q., for the benefit of Y.Q. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of Y.Q.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Y.Q., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of Y.Q. upon submission of written documentation of such appointment to the Secretary;**

3. **A lump sum payment of $13,429.07, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners;**

4. **A lump sum payment of $21,765.16, representing compensation for satisfaction of a New York State Medicaid Program lien, payable jointly to petitioners and the New York State Department of Health, and mailed to:**

**New York State Department of Health**
**P.O. Box 415874**
**Boston, MA  02241-5874**

**Recovery Case #: 128093**
**Attn: Heather Leonard**

**Petitioners agree to endorse this payment to the New York State Department of Health; and**

5. **An amount sufficient to purchase the annuity contract, subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A attached hereto, paid to the life insurance company from which the annuity will be purchased. Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to the trustee only so long as Y.Q. is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to the trustee and do not require that the payment be made in one annual installment.**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 11-154V according to this decision and the attached proffer.[2]

Any questions may be directed to my law clerk, Haley Hawkins, at (202) 357-6360.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.