# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**

* * * * * * * * * * * * * * * * * * * *
BRYAN QUINONES and DONNA  *
QUINONES as Parents and Legal  *
Representatives of their Minor  *
Daughter Y.Q.,  *
                                                                                                                                                                          *     No. 11-154V
                        Petitioners,  *     Special Master Christian J. Moran
                                                                                                                                                            *
v.  *     Filed: August 2, 2023
                               *
SECRETARY OF HEALTH  *
AND HUMAN SERVICES,  *
                               *
                       Respondent.  *
* * * * * * * * * * * * * * * * * * * *

Ramon Rodriguez, III, Sands Anderson PC, Richmond, VA, for Petitioners;
Christine M. Becer, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

    Pending before the Court is petitioners' motion for final attorneys' fees and costs. They are awarded $259,660.69.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, it must be made publicly accessible and will be posted on the website for the United States Court of Federal Claims and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

\* \* \*

On March 11, 2011, petitioners filed for compensation on behalf of their minor child, Y.Q., under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. Petitioners alleged that Y.Q. suffered from a seizure disorder, sensory integration disorder, and behavioral changes after receiving a measles, mumps, and rubella vaccine on March 28, 2008. A brief summary of the facts of this case through April 15, 2019, can be found in the undersigned's previous decision awarding interim attorneys' fees and costs. 2019 WL 3889727 (Fed. Cl. Spec. Mstr. July 16, 2019).

Thereafter, petitioners were found entitled to compensation. 2019 WL 4745123 (Fed. Cl. Spec. Mstr. Sep. 4, 2019). The parties began the process to determine the reasonable amount of compensation. Petitioners continued filing medical records as the parties engaged in settlement negotiations. On November 30, 2020, the parties filed a proffer, which the undersigned adopted as his decision awarding compensation on December 2, 2020. 2020 WL 7706970 (Fed. Cl. Spec. Mstr. Dec. 2, 2020).

Petitioners sought (and received) multiple enlargements of time to file their motion for attorneys' fees and costs, primarily because the attorneys engaged in work at the probate court had not completed their activities. On February 9, 2022, petitioners filed a motion for final attorneys' fees and costs ("Fees App."). Petitioners request a total of $278,770.71 delineated as follows: $178,138.00 in attorneys' fees, $62,582.71 in attorneys' costs, and $38,050.00 in costs personally incurred by petitioners. Fees App. at 17-18. On February 23, 2022, respondent filed a response to petitioners' motion. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Petitioners did not file a reply thereafter.

\* \* \*

Because petitioners received compensation, they are entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether the requested amount is reasonable.

2

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018)

### A. Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioners request the following rates of compensation for the work of their counsel, Mr. Ramon Rodriguez, III: $383.00 per hour for work performed in 2017, $394.00 per hour for work performed in 2018, $405.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 per hour for work performed in 2021 and 2022. The undersigned has reviewed the requested rates and finds them to be reasonable and consistent with what special masters have previously awarded to petitioners' counsel for his Vaccine Program work. See, e.g. Roy v. Sec'y of Health & Human Servs., No. 17-323V, 2022 WL 2449753 (Fed. Cl. Spec. Mstr. Jun. 9, 2022). Accordingly, the requested hourly rates are reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The undersigned has reviewed the submitted billing entries and finds the request to be largely reasonable. Mr. Rodriguez has provided ample detail in his billing entries to allow the undersigned to assess their reasonableness. The undersigned notes two issues, which necessitate an overall reduction, however.

First, Mr. Rodriguez has billed some time for paralegal-nature tasks and clerical tasks at his full attorney hourly rate. "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." Riggins v. Sec'y of Health & Human Servs., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature . . . should be considered as normal overhead office costs included with the attorneys' fees rates."). Clerical and administrative work includes tasks such as setting up meetings, reviewing invoices, and filing documents, "for which neither an attorney nor a paralegal should charge." Hoskins v. Sec'y of Health & Human Servs., No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); see also Floyd v. Sec'y of Health & Human Servs., No. 13-556V, 2017 WL 1344623, at *13–14 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical/secretarial in nature. Examples include scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system.").

Second, Mr. Rodriguez has billed his full hourly rate for time spent traveling (e.g., billing entries on 11/27/17, 11/30/17, 11/16/19, 11/18/19). In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. See Hocraffer v. Sec'y of Health & Human Servs., No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); Rodriguez v. Sec'y of Health & Human

Servs., No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009).

Thus, in order to achieve "rough justice" the undersigned will reduce the final award of fees by $6,000.00. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). Petitioner is therefore awarded final attorneys' fees of $172,138.00.

### C. Attorneys' Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioners request a total of $62,582.71 in attorneys' costs. Notable components of this amount include $40,575.00 for the work of petitioners' medical expert, Dr. Yuval Shafrir, $11,900.00 for the work of life care planners at Occupational Assessment Services, Inc., and $3,468.75 for work performed by JMW Settlements.

For his invoice of $40,575.00 (which excludes a $1,000.00 retainer which has already been reimbursed in the interim fees decision), Dr. Shafrir generally billed his time at $350.00 per hour except for 17.75 he spent at the entitlement hearings, which he billed at $500.00. The Court does not typically differentiate expert rates based upon the task being performed, although $350.00 per hour is a reasonable hourly rate for Dr. Shafrir's work. Burgos v. Sec'y of Health & Human Servs., No. 16-903V, 2022 WL 1055355 (Fed. Cl. Spec. Mstr. Mar. 15, 2022). Moreover, Dr. Shafrir's billing entries lack the specificity desired by the undersigned. For example, Dr. Shafrir has entries for 5, 4, and 8.5 hours for "preparing for hearing" without any indication of what he was doing (e.g., what documents and literature was Dr. Shafrir reviewing?). Upon review, the undersigned finds it reasonable to reduce Dr. Shafrir's final amount by 10%. Therefore, a reasonable amount for Dr. Shafrir's work in this case is $36,517.50.

Next, for the work of their life care planner Edward Provder at Educational Assessments, Inc., petitioners request a total of $11,900.00. This amount is comprised of three components: a flat fee of $6,500.00 for a life care plan, a flat fee of $4,000.00 for a vocational evaluation, and $1,400.00 for a supplemental report (representing two hours billed at $700.00 per hour). Fees App. Ex. 163 at 47, 68-69.

A flat-rate is not appropriate. See Culligan v. Sec'y of Health & Human Servs., No. 14-318V, 2016 WL 1622967, at *10 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (declining to award an expert a flat fee); Jeffries v. Sec'y of Health & Human Servs., No. 99-670V, 2006 WL 3903710, at *18 (Fed. Cl. Spec. Mstr. Dec. 15, 2006) (declining to award an expert a flat fee); Broushet v. Target Corp., 274 F.R.D. 432, 434 (E.D.N.Y. 2011) (awarding compensation to expert only for time spent in deposition); see also Guidelines for Practice Under the National Vaccine Injury Compensation Program, Section X. Chapter 3. ¶ A ("With regard to attorneys' fees and experts' fees, the particular tasks for which fees are claim, the amount of time spent on that task, the person who performed the task, and that person's billed hourly rate must be identified in contemporaneous, dated records"). Customary (or preferred) ways of billing for activities do not justify a deviation from the standard practice in which a reasonable fee is determined through the lodestar method---multiplying a reasonable hourly rate by a reasonable number of hours. See Miyake v. Sec'y of Health & Hum. Servs., No. 06-459V, 2009 WL 959563, at *18-20 (Fed. Cl. Spec. Mstr. Mar. 19, 2009).

"When a petitioner's counsel incurs expert costs that the attorney expects to submit to the special master as a cost of a Vaccine Act case, it is that counsel's duty to 'monitor the expert's overall fees to ensure that the fees remain reasonable.'" Nuttall v. Sec'y of Health & Hum. Servs., 07-810V, 2014 WL 643584, at *3 (Fed. Cl. Spec. Mstr. Jan. 23, 2014) (quoting Simon v. HHS, No. 05–941V, 2008 WL 623833 at *2 (Fed. Cl. Spec. Mstr. Feb. 21, 2008). Here, whether the petitioners, acting through their retained attorney, monitored the work performed by Mr. Provder is unclear. Petitioners have not explained why Mr. Provder was permitted to submit invoices that did not comply with the standard practice in the Vaccine Program.[2]

Mr. Provder's life care plan (Exhibit 153) reflects the end of his process. However, there is no direct evidence about the amount of time preparing the plan took. In addition, the hourly rate that Mr. Provder has charged for a supplemental report ($700.00) exceeds, by at least a factor of three, the hourly rate typically found to be reasonable for life care planners. See Hedlund v. Sec'y of Health & Hum. Servs., No. 18-820V, 2022 WL 3133454, at *3 (Fed. Cl. Spec. Mstr. July 15, 2022) ("$250.00 per hour is higher than what life care planners typically bill at and

---

[2] Respondent's failure to interpose any objection to the billing method may have hindered petitioners' ability to offer an explanation.

have been awarded"). This unsupported hourly rate suggests that other charges exceed reasonable bounds as well.

One potential option is to deny the fee request on the ground that petitioners have failed to submit evidence required to make a reasonable award. However, the undersigned is reluctant not to compensate for any work, especially when the Secretary did not interpose any objection. Nonetheless, without adequate documentation, the undersigned awards petitioners 25% of the requested amount, which aligns to some degree to the excessive hourly rate charge. Petitioners are awarded $2,975.00 for the work performed by Educational Assessments, Inc.[3]

For work performed by Ms. Kimberly Schleede of JMW Settlements, petitioners request $3,468.75, representing 9.25 hours billed at $375.00 per hour. Fees App. Ex. 163 at 74. The undersigned has previously found Ms. Schleede's hourly rate to be reasonable given her extensive expertise consulting with Vaccine Program petitioners, and the hours billed appear reasonable given the complexity of the instant case. Wynne v. Sec'y of Health & Human Servs., No. 17-1908V, 2022 WL 1869355, at *3 (Fed. Cl. Spec. Mstr. May 3, 2022); Trigueros v. Sec'y of Health & Human Servs., No. 16-1058V, 2021 WL 2767695, at *3-4 (Fed. Cl. Spec. Mstr. May 27, 2021). The full amount requested will therefore be reimbursed.

The remaining expenses are comprised of travel by Mr. Rodriguez to attend the entitlement hearing and meet with the life care planners, acquisition of medical records, transcript costs, legal research fees, long distance calls, and postage. These costs are largely reasonable except for $127.52 for scanning documents, and petitioners have provided adequate documentation supporting them.

Accordingly, petitioners are awarded final attorneys' costs of $49,472.69.

D.    Petitioners' Costs

Pursuant to General Order No. 9, petitioners have indicated they have personally incurred costs totaling $38,050.00. These costs are associated with establishing guardianship for Y.Q. in order to receive the stipulated damages. Due to petitioners' marital status, each parent was required to obtain their own independent local counsel to provide representation to establish a court-appointed

---

[3] In future cases, if people at Educational Assessments, Inc. prepared invoices showing their hourly rate and the amount of hours worked, awards might be higher.

guardian/conservator. Fees App. at 7. The requested amount can be further broken down as follows:

- $1,700.00 paid directly by Mr. Brian Quinones to his guardianship counsel, Mr. David Lorber, which appears to have been paid akin to a retainer and for initial legal services.
- $11,880.00 in legal expenses incurred by Mr. Quinones for work in establishing the guardianship, which was awarded to Mr. Lorber by the Supreme Court, Suffolk County, New York, and which the court ordered to be paid by Midland Trust Company out of the non-medical trust established for Y.Q.
- $13,420.00 paid by Ms. Donna Quinones for the work of her guardianship counsel, Ms. Kera Reed. This amount was awarded to Ms. Reed by the Supreme Court, Suffolk County, New York, and ordered to be paid by Midland Trust Company out of the non-medical trust established for Y.Q.
- $11,050.00 for work performed by Ms. Theresa Yard, an attorney appointed by the Supreme Court, Suffolk County, New York to act as guardian ad litem for Y.Q. during the proceedings, and Ms. Jillian Holdsworth, an attorney appointed as court evaluator. The amount of their work was ordered to be paid by Midland Trust Company out of the non-medical trust established for Y.Q.

Fees App. at 16-17. These amounts were reviewed by the Supreme Court, Suffolk County, New York for reasonableness. Fees App. Ex. 162 at 1. For each attorney, the local court reduced the amount awarded to each attorney for his/ her work in this case from the invoices submitted. The undersigned sees no reason to disturb the findings of the New York court and shall therefore award the requested amounts in full.

E.   Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, I award the following:

1) a total of **$221,610.69** (representing $172,138.00 in attorneys' fees and $49,472.69 in attorneys' costs) as a lump sum in the form of a check jointly payable to petitioners and their counsel, Mr. Ramon Rodriguez, III;

2) a total of **$1,700.00** as a lump sum in the form of a check payable to Bryan Quinones;

3) a total of **$11,880.00** as a lump sum in the form of a check payable to Bryan Quinones and Midland Trust;

4) a total of **$13,420.00** as a lump sum in the form of a check payable to Donna Quinones and Midland Trust; and

5) a total of **$11,050.00** as a lump sum in the form of a check payable to Bryan & Donna Quinones, and Midland Trust.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

    **IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.